IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PLAZA HOME MORTGAGE, INC., | § |
| Plaintiff, | § Civil Action No. 4:24-cv-1285 |
| v. | § |
| MANISH GOEL and CHERYL GOEL, | § |
| Defendants. | § |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaza Home Mortgage, Inc. ("Plaintiff" or "Plaza"), complains of Manish Goel and Cheryl Goel ("Defendants") and files this *Original Complaint*, and respectfully shows as follows:

### I. PARTIES

1. Plaintiff is the mortgagee of the subject loan agreement and is appearing through the undersigned counsel.

2. Defendant Manish Goel is an obligor under the subject loan agreement and may be served with process at 814 Herdsman Drive, Houston, Texas 77079, or at such other place as he may be found. Summons is requested.

3. Defendant Cheryl Goel is a co-mortgagor under the subject loan agreement and may be served with process at 814 Herdsman Drive, Houston, Texas 77079, or at such other place as she may be found. Summons is requested.

## II.     PROPERTY

4. This proceeding concerns the following real property and improvements commonly known as 814 Herdsman Drive, Houston, Texas 77079, (the "Property") more particularly described as:

> LOT SEVENTY-FOUR (74), IN BLOCK TWO (2), OF THE CORRECTIVE PLAT OF MEMORIAL THICKET, SECTION ONE (1), AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 285, PAGE 107, OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

## III.     DIVERSITY JURISDICTION AND VENUE

5. This Court has jurisdiction over the controversy because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

6. Plaintiff is a corporation with its principal place of business in San Diego, California. A corporation is a citizen of the state where it has been incorporated, and any state where the corporation has its principal place of business. 28 U.S.C. § 1332(c)(1). Therefore, Plaintiff is a citizen of California for diversity purposes.

7. Defendants are individuals and citizens of the state of Texas.

8. Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because the amount in controversy exceeds $75,000.00. In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

9. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

10. Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. And the value of the Property described below exceeds $75,000.00. The Harris County Appraisal District values the Property at $818,941.00.

11. Venue is proper in the Southern District of Texas, Houston Division, because this suit concerns title to real property located in Harris County, Texas. *See* 28 U.S.C. §§ 124, 1391(b)(2).

## IV.   FACTS

12. The foregoing paragraphs are incorporated by reference for all purposes.

13. On or about October 26, 2018, Defendant Manish Goel ("Borrower") executed that certain *Texas Home Equity Note (Fixed Rate – First Lien)* in the principal amount of $450,000.00 ("Note"), originally payable to Houston Home Loan, Inc., and bearing interest rate of 4.500% per annum. A true and correct copy of the Note is attached hereto as **Exhibit A**.

14. Concurrently with the execution of the Note, Manish Goel and Cheryl Goel executed that certain *Texas Home Equity Security Instrument (First Lien)* (the "Security Instrument" and together with the Note, the "Loan Agreement"), as grantors, granting Mortgage Electronic Registration Systems, Inc. ("MERS"), as beneficiary, as nominee for Houston Home Loan, Inc., its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the Official Public Records of Harris County, Texas as Instrument No. RP-2018-501829 on November 2, 2018. A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.

15. Subsequently, Mortgage Electronic Registration Systems, Inc. ("MERS"), as beneficiary, as nominee for Houston Home Loan, Inc., its successors and assigns, transferred and assigned the Loan Agreement to Plaintiff. This assignment is evidenced by the *Corporate Assignment of Deed of Trust* recorded in the Official Public Records of Harris County, Texas as Instrument No. RP-2022-252243 on May 13, 2022. A true and correct copy of this Assignment is attached hereto as **Exhibit C**.

16. Plaintiff is the current legal owner and holder of the Note and the mortgagee of the Security Instrument as that term is defined in section 51.0001(4) of the Texas Property Code.

17. Under the terms of the Loan Agreement, the Borrower is required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees under the Note.

18. The Loan Agreement further provides that should the Borrower fail to make payments on the Note as they became due and payable or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security

Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

19. Borrower has failed to make the payments under the terms of the Loan Agreement. The Loan Agreement is currently in default.

20. On November 8, 2023, a Notice of Default was sent in accordance with the terms of the Loan Agreement and the Texas Property Code. A true and correct copy of the Notice of Default is attached hereto as **Exhibit D**.

21. The default was not cured and on January 18, 2024, Plaintiff, through counsel mailed *Notice of Acceleration of Loan Maturity* ("Notice of Acceleration") by certified mail. A true and correct copy of the Notice of Acceleration is attached hereto as **Exhibit E**.

22. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

## V.   CAUSE OF ACTION: DECLARATORY JUDGMENT

23. The foregoing paragraphs are incorporated by reference for all purposes.

24. Plaintiff requests a declaration from this Court that, as the owner and holder of the Note it has standing and is authorized under the Security Instrument to enforce the power of sale contained in the Security Instrument through a non-judicial foreclosure of the Property. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

## VI. CAUSE OF ACTION—NON-JUDICIAL FORECLOSURE

25. The foregoing paragraphs are incorporated by reference for all purposes.

26. Plaintiff asserts a cause of action for foreclosure against Defendants. Plaintiff, as the current legal owner and holder of the Note and the mortgagee, has the right to enforce the Note and Security Instrument. Plaintiff has fully performed its obligations under the Loan Agreement; however, Defendants did not comply with the Loan Agreement, by failing to substantially perform material obligations required under its terms (principally, the payment of amounts due under the contract, among others). Therefore, Plaintiff seeks a judgment allowing it to foreclose on the Property in accordance with the Security Instrument and Texas Property Code section 51.002.

27. Plaintiff has been forced to hire the undersigned attorneys to seek an order allowing foreclosure as a result of Defendants' failure to comply with the Loan Agreement. Plaintiff is therefore entitled to and seeks judgment against Defendants for its reasonable attorneys' fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by Defendants. Plaintiff seeks an award of attorneys' fees as a further obligation on the Note and not as a money judgment against Defendants personally.

28. All conditions precedent have been performed or have occurred.

## VII. CAUSE OF ACTION- JUDICIAL FORECLOSURE

31. The foregoing paragraphs are incorporated by reference for all purposes.

32. In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

33. Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of the county in which the Property is located, directing the sheriff

or constable to seize and sell the Property in satisfaction of the Loan Agreement debt, pursuant to Texas Rules of Civil Procedure 309.

## IX. CAUSE OF ACTION - ATTORNEY'S FEES

34. Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the Loan, and Texas Civil Practice and Remedies Code §38.001. Attorneys' fees are not sought as a personal judgment against the Defendants but only as an additional debt secured by the Deed of Trust.

## X.   PRAYER

For these reasons, Plaintiff requests that Defendants be summoned to appear and answer, and that, upon final hearing, it have and recover a judgment against them allowing it to proceed with non-judicial foreclosure in accordance with the Security Instrument and Texas Property Code section 51.002. Plaintiff further requests its interest and attorneys' fees, all costs of suit, and such other and further relief to which it may be entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
Southern Dist. No. 21340
mcronenwett@mwzmlaw.com

**JOHN M. GREGORY**
Texas Bar No. 24138787
Southern District Admission #3869561
jgregory@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**

                                              14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**